**STATE of Missouri at the Relation of Rev. Will A. SESSIONS, Jr., et al., Appellants.**

v.

**H. Roe BARTLE, Mayor of Kansas City, Missouri, et al., Respondents.**

No. 49191.

Supreme Court of Missouri,

Division No. 2.

Sept. 10, 1962.

John J. Manning and Robert S. Fousek, Kansas City, for appellants.

Keith Wilson, Jr., City Counselor, Robert A. Meyers and John J. Cosgrove, Associate City Counselors, Kansas City, for respondents.

STORCKMAN, Judge.

This is a mandamus action which seeks to compel the City of Kansas City through its council and duly authorized officials to direct an election for the purpose of submitting to the electorate an ordinance proposed by initiative petitions. The plaintiffs are five electors of Kansas City nominated as a Committee of Petitioners and authorized to file the initiative petitions in accordance with § 443 of the Charter of Kansas City. The defendants' answer alleged that the initiative measure was an appropriation ordinance which made no provision for new revenue to defray the increased expenditures in violation of § 51, Art. III, of the 1945 Constitution of Missouri, V.A.M.S., and that the initiative ordinance, if adopted, would deprive the city council of control over city finances and would disrupt budgetary plans in violation of § 89 of Art. 4 of the Charter of Kansas City. The plaintiffs filed a motion for judgment on the pleadings and the cause was submitted to the court on the pleadings and the exhibits annexed. The judgment rendered on November 7, 1961, denied plaintiffs' motion for judgment and dismissed plaintiffs' petition with prejudice as prayed for in defendants' answer. The plaintiffs appealed.

The sufficiency of the initiative petitions and the correctness of the procedures in obtaining and presenting them are not controverted. The plaintiffs' principal contention on appeal is that the proposed initiative ordinance does not violate § 51 of Art. III because it is not an appropriation ordinance.

The proposed ordinance would amend the Administrative Code of Kansas City, Missouri, 1956, by repealing §§ 221, 222, 223, 231, and 247 of the Classification and Compensation Plan and by enacting in lieu thereof new sections of like number and subject matter. The sections of the proposed ordinance classify positions in the city service and establish standard basic salaries for the various positions. The services dealt with are the Fire Fighting Group of the Fire Fighting Service, the Fire Motor Operator Group of the Fire Service, the Fire Personnel Instruction Group of the Fire Service, the Building Safety Group of the Inspectional, Investigational and Examining Service, and the Electrical Operator Group of the Skilled, Semiskilled and Unskilled Labor Service. In general the proposed ordinance sets up qualifications for the various classifications usually based on length of service and in some instances establishes the number of normal working and on-duty hours per week with provisions for overtime compensation, the length of shifts, and the time

of change. In all instances the proposed ordinance fixes the standard basic salary for all classes of positions established.

In conclusion the ordinance provides that "the changes in the salary schedules herein provided shall take effect at the beginning of the first payroll period following the enactment date of this Ordinance." Appendix C attached to the plaintiffs' petition is a copy of the resolution of the city council declaring its intention not to pass the proposed measure. The resolution describes the proposed ordinance as "increasing the salaries of the various classifications of employees in the Fire Department" and declares that "the granting of such increases in salaries would require large appropriations of money in excess of that now appropriated for the payment of salaries".

The pertinent portion of § 51 of Art. III reads as follows: "The initiative shall not be used for the appropriation of money other than of new revenues created and provided for thereby, or for any other purpose prohibited by this constitution." The nature of the initiative activity sought to be prevented by this constitutional provision appears in the remarks of the Committee on Initiative and Referendum of the 1943–1944 Constitutional Convention, File No. 4, p. 6, as follows: "This section is entirely new. The restriction upon the use of the initiative for appropriation of money is suggested mainly by the cogent reasoning of the Supreme Court of Missouri in the case of Moore v. Brown, decided by that court on November 12, 1942, reported in 350 Mo. 256, 165 S.W.2d 657. In that case, the dangerous business of making appropriations by initiative, without regard to other constitutional requirements, or even attempting to set forth the full text of the many constitutional requirements which would be abrogated or rendered nugatory, is generally condemned." The measure condemned in the Moore case would have earmarked $29,000,000 of state funds annually to pay monthly grants to designated incapacitated persons over 65 years of age and in aid of dependent children.

The plaintiffs assert that the proposed ordinance is not an appropriation ordinance in violation of § 51 because the proposal does not fix the salary of a specific person or a certain number of persons and does not obligate the city to employ anyone. They rely chiefly upon State ex rel. Mulvoy v. Miller, 315 Mo. 41, 285 S.W. 504, and State ex rel. Hart v. City of St. Louis, 356 Mo. 820, 204 S.W.2d 234. The Mulvoy case involved an interpretation of the Charter of the City of St. Louis. An initiative ordinance fixing the salaries of employees in the city fire department was held not to be an appropriation ordinance within the meaning of a charter provision requiring such an ordinance to be recommended by the Board of Estimate and Apportionment. The ordinance also was held not to violate other charter provisions. The Hart case was a mandamus action to compel the payment of salaries of employees of the magistrate courts of the City of St. Louis as fixed by an ordinance enacted by the Board of Aldermen of the city. The court held that it was not necessary to have the approval of the Board of Estimate and Apportionment because an appropriation ordinance was not involved. Both of these cases were decided before § 51 of Art. III became effective and were limited to a consideration of the provisions of the city charter.

The defendants cite and rely solely upon Kansas City v. McGee, 364 Mo. 896, 269 S.W.2d 662, which held that an initiative petition proposing an ordinance creating a firemen's pension plan was an appropriation ordinance and in violation of § 51 of Art. III of the 1945 Constitution because it did not create and provide new revenues to defray the cost thereof. There, as here, the contention was made that the proposed ordinance in and of itself did not appropriate any funds. In disposing of this contention, this court stated, 269 S.W.2d 662, 666 [2]: "It is true that the proposed ordinance does not in and of itself appropriate the money to carry out the pension plan but it does not leave any discretion to the City

Council. The ordinance says the Council shall appropriate the amount asked for by the trustees administering the pension plan. The ordinance has the same effect as if it read that a sum necessary to carry out its provisions as certified by the trustees shall stand appropriated * * *. Any other interpretation would permit a violation of the plain mandate of Sec. 51 of the Constitution, supra." The decision also ruled that the constitutional provision, § 51 of Art. III, applies to municipal ordinances. 269 S.W. 2d 662, 666 [3].

The plaintiffs' arguments that the ordinance does not obligate the city to employ anyone and does not fix the number of employees or the salary for a specific purpose has no validity under the circumstances. The City of Kansas City is obliged to maintain its fire department and all employees within the coverage of the ordinance would be affected. The proposed ordinance establishes job classifications and wage schedules and provides when the changes in the salary schedule shall take effect. Appendix C attached to plaintiffs' petition asserts that the proposed ordinance would increase the salaries and would require large appropriations of money in excess of that now appropriated for the payment of salaries. The defendants estimate that the proposed ordinance would require an additional appropriation of approximately $500,000 to pay the increased salaries. On the authority of Kansas City v. McGee, we hold that the ordinance in question is an appropriation ordinance within the meaning and intendment of § 51 of Art. III and is fatally defective in failing to provide new revenues out of which to pay the increased salaries.

Our holding that the proposed initiative ordinance violates § 51 of Art. III renders it unnecessary for us to decide whether the ordinance is in conflict with § 89 of Art. 4 of the Charter of the City of Kansas City.

For the reasons stated, the judgment is affirmed.

All of the Judges concur.