STATE ex rel. David F. CARD (Relator-Petitioner), Respondent,

v.

Nathan B. KAUFMAN et al. (Respondents in Mandamus), Appellants.

No. 58457.

Supreme Court of Missouri, Division No. 2.

Dec. 16, 1974.

City Fire Department not be less than salaries received by members and employees of the Fire Department of the City of St. Louis, and repealing all ordinances and charter provisions inconsistent therewith. An alternative writ of mandamus issued. Respondents filed their return, answer and counterclaim for a declaratory judgment, raising questions as to the constitutionality of the initiative petition and proposed charter amendment, alleging that the latter violates Mo.Const. Art. III, § 51, V.A.M.S., because it constitutes an appropriation by iniative and fails to create and provide new revenues to fund such appropriation, and violates Mo.Const. Art. III, § 50 and Art. VI, § 20, for failure to state with particularity the relative and cognate provisions of the city's charter and ordinances which would be repealed and modified by adoption of the proposed amendment.

■ Prior to the filing of this action an initiative petition proposing the charter amendment, containing 5,842 signatures, was filed with the city clerk; referred to the county board of election commissioners; certified by the board to contain more than the number of signatures required by law, and presented to the city council. The council unanimously adopted a resolution declining to submit the proposal to the voters and directing that the validity of the proposal be judically determined. Adoption of the proposed amendment would result in an increase in the salaries of fire department personnel by an amount in excess of $55,000, not previously budgeted and appropriated as required by the ordinances and charter of the city. The cost of conducting the proposed special election would not be less than $3,500. This action followed. The circuit court entered judgment finding the proposal constitutional and the procedure legally sufficient; making its alternative writ peremptory, directing respondents to submit the proposed amendment to the voters at a special election, and finding against respondents on their counterclaim. This appeal followed. This Court has appellate jurisdiction be-

Bartley, Goffstein, Bollato & Lange, Clayton, for respondent.

Greensfelder, Hemker, Wiese, Gale & Chappelow, St. Louis, for appellants; Gregory M. Sheehan, Jr., St. Louis, of counsel.

HOUSER, Commissioner.

David F. Card, registered voter, taxpayer and member and employee of the Fire Department of University City, a constitutional charter city, filed a petition for a writ of mandamus against the mayor and city council of that city to compel respondents to pass an ordinance calling a special election to submit to the voters a proposed amendment to the city charter by adding a new section providing that the salaries of members and employees of the University

cause this appeal involves a construction of the Constitution of Missouri.

■ The proposed amendment to the city charter is unconstitutional for the reason that it is an appropriation measure which fails to create and provide new revenues with which to fund the additional cost to the city.

Mo.Const. Art. III, § 51 provides:

"The initiative shall not be used for the appropriation of money other than of new revenues created and provided for thereby, or for any other purpose prohibited by this constitution. * * *"

This section applies to municipalities. City of Springfield v. Clouse, 356 Mo. 1239, 206 S.W.2d 539, 545 [7] (banc 1947); Kansas City v. McGee, 364 Mo. 896, 269 S.W.2d 662, 666 [3] (1954); State ex rel. Sessions v. Bartle, 359 S.W.2d 716 (Mo. 1962).

The proposed amendment directs that the compensation of the designated ranks and positions of members and employees of the fire department "be not less than the compensation now and hereafter provided by law for the said corresponding ranks and positions of the members and employees of the Fire Department of the City of St. Louis." The obligation under the proposed amendment would afford the officers of the city no discretion in the matter of fire department salaries. It is mandatory. Neither the city manager who by charter is director of finance, charged with the duty of preparing the budget, nor the city council which by charter must approve the budget, and is given discretion in the area of increasing or decreasing items of the budget, would have any control over compensation to be paid members and employees of the fire department. This would constitute a substantial change in the budget provisions of the city charter, Art. VI, §§ 33 and 35; materially affect the budget planning contemplated by Art. VI, supra, and take from the city council control over this phase of the finances of the city, all without any mention in the proposed amendment of this material change in the law. While the proposed amendment does not in terms and in and of itself appropriate the money necessary to pay the compensation it mandates, it leaves no discretion to the city manager or the city council and in effect is an appropriation measure. By its plain intendment it requires the budget official to include the specified compensation in the budget, and requires the city council to approve it, regardless of any other financial considerations. The proposed amendment has the same effect as if it read that the sums necessary to carry out its provisions stand appropriated. There is no pretense that it creates or provides new revenues with which to fund the additional cost to the city.

In the cases of Kansas City v. McGee and State ex rel. Sessions v. Bartle, supra, these same considerations were applied to strike down attempts by initiative petition to compel the calling of special elections to submit to the Kansas City electorate *ordinances* creating a fireman's pension plan in the McGee case and increasing the salaries of various classifications of the employees in the fire department in the Bartle case. In both cases there was no provision in the proposed ordinance for new revenues to pay the additional costs involved. In both cases the proposed ordinance was classified as an appropriation law and held unconstitutional.

In McGee the Court said, 269 S.W.2d l. c. 665: "The purpose of Sec. 51, supra [Mo.Const. Art. III, § 51], becomes apparent when we consider the duties and restrictions imposed upon the city authorities. Sec. 26(a) of Art. VI, 1945 Constitution, prohibits any city from becoming indebted in an amount exceeding in any year the income and revenue provided for such year. It would be difficult for a city council to comply with that constitutional provision and the budget law if appropriations could be made by the initiative process. The people, therefore, by the constitution ex-

pressly prohibited an appropriation law being voted through the initiative unless the law at the same time provides the revenue."

In Bartle, Judge Storckman, writing for the Court, quoted remarks of the Committee on Initiative and Referendum of the 1943–1944 Constitutional Convention, referring to "the dangerous business of making appropriations by initiative, without regard to other constitutional requirements."

■ In the case here for review petitioners used the initiative procedure to propose an *amendment to the charter,* and not to submit an ordinance to the electorate. Respondents take the position that § 51 supra has no application to charter amendments, and therefore the McGee and Bartle cases (involving ordinances, not charter amendments) have no application. We are unable to accept this distinction. The important principle established by § 51 is that the initiative power shall not be used for the appropriation of money other than new revenues created and provided thereby. This restriction is not limited to *ordinances* for the appropriation of money. It applies with equal force to appropriations of money by way of a charter or a charter amendment originating by way of the initiative. Respondents point to Mo.Const. Art. VI, § 20, which provides that charter amendments may be proposed by petition of the electors, but the power granted the electors in Art. VI, § 20 does not authorize the proposal of charter amendments in conflict with other provisions of the constitution, such as Art. III, § 51.

■ Respondents also seek to distinguish between proceeding by petition and proceeding by initiative. They see a difference between the two by reason of the language used in Mo.Const. Art. VI, § 20, which provides that amendments of city charters may be proposed "by petition." We find no basis for the distinction. Section 20 provides that charter amendments may be proposed either by the legislative body of the city or by petition of the elec-

tors. By every definition this provision contemplates the use of the initiative process, which begins with a petition. In any event the provisions of Art. VI, § 20 are limited and restricted by the provisions of Art. III, § 51. The two sections must be construed together.

Respondents cite State ex rel. St. Louis Fire Fighters Association Local No. 73 v. Stemmler, 479 S.W.2d 456 (Mo. banc 1972), which upheld a charter amendment similar to the one here proposed. In that case, however, the ordinance calling for a vote of the people on the proposition to amend the charter did not originate as an exercise of the power of the electors by way of initiative petition, but rather originated in the Board of Aldermen of the City of St. Louis. Hence no question of the use of the initiative for the appropriation of money was involved. The gist of that decision is that the people of a home rule charter city have the power to write and amend their own charter and provide therein the kind of city government they want, subject to the limitations imposed by the state constitution, state laws of general interest and state-wide concern, and the federal constitution. That decision does not reach or touch the question now before the Court.

Appellants raise additional points of a procedural nature, such as the failure of petition and proposed amendment to specify with particularity the provisions of the charter and city ordinances which would be repealed by adoption of the amendment and the form of the affidavits attached to the petition, which is claimed to be improper. Our holding that the proposed initiative charter amendment violates Art. III, § 51 obviates the necessity of considering these procedural points.

Accordingly, the peremptory writ of mandamus is vacated and quashed, the judgment is reversed, and the cause is remanded with directions to dismiss the petition for the writ of mandamus and enter judgment in favor of the mayor and city

council on the counterclaim, declaring that the amendment and petition proposing the amendment are unconstitutional, illegal and invalid, and that respondents are not required to pass an ordinance submitting the amendment to the electors of the city for the acceptance or rejection.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.