SCHOOL DISTRICT No. 11 v. LAUDERBAUGH, *Appellant.*

1. **Mandamus :** RES JUDICATA. When a legal liability has once been judicially ascertained, it will suffice, in a proceeding by mandamus to enforce it, to state that fact. The circumstances out of which it grows need not be stated.

2. **Schools :** DIVISION OF DISTRICTS. When a new district is formed, including within its limits those who have heretofore aided in the erection of a school house in the district from which they are detached, the tax authorized by section 7024, Revised Statutes, to raise a fund for the erection of a school house for the new district is to be levied upon the whole of the original district, and not on only so much of it as is left after taking off the new district.

3. **Mandamus :** AMENDMENT. In mandamus proceedings the court can grant no relief except what is specified in the alternative writ, and if not warranted in granting that must refuse any; but the writ is open to amendment.

*Appeal from Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED.

*Smith & Krauthoff* with *A. L. Thomas* for appellant.

*J. R. Shields* for respondent.

HENRY, J.—This is a proceeding by mandamus, in which an alternative writ was issued by the circuit court of Jasper county reciting all the allegations of the petition, and was as follows :

" State of Missouri.

To Isaac Lauderbaugh, Clerk of School District No. 1, Township 29, Range 32, Jasper County, Missouri :

Whereas, it has been represented to our honorable cir-

cuit court by petition of school district No. 11, township 29, range 32, Jasper county, Missouri, that at the .March term of the circuit court of Jasper county, Missouri, a peremptory mandamus was issued by this honorable court and directed to Elbert Pinney, Isaac Lauderbaugh and Thomas Cone, trustees of school district No. 1, township 29, range 32, Jasper county, Missouri, commanding and requiring them, immediately on receipt of said writ of mandamus and without delay, to appoint a disinterested freeholder, non-resident of said district No. 1, to act as one of a committee of three to value and appraise the school property of said district No. 1, and report the same to the clerks of districts Nos. 1 and 11, so that said school property might be appraised and an amount assessed and collected from said district No. 1, and paid to said district No. 11, according to the *pro rata* share or interest said district No. 11 may have in said school property, etc.; And whereas said writ was duly served on the said directors of district No. 1, according to law, and in pursuance thereof, to-wit: on the 16th day of February, 1880, they appointed one William Hille to act as their representative in the premises; And whereas said district No. 11 had long prior thereto appointed one C. P. Ball to represent district No. 11, and said Hille and Ball, in pursuance of the order of this court and the statutes in such cases made and provided, did appoint one Isaac Johnson, duly qualified according to law, to act with the said Hille and Ball to appraise and assess said school property, in order that the proper amount should be collected off of school district No. 1 and applied to school district No. 11 ; and that in pursuance of said appointment, the said committee, Johnson and Ball, (Hille not acting,) met and made the proper estimate under the order of this court of the amount due to said school district No. 11 from school district No. 1, as aforesaid, and certified said amount so found by them to be due to the clerks of said districts on the —— day of ————, 1880 ; and that Isaac Lauderbaugh was at the time said sum was so

certified, and now is, clerk of said district No. 1; and that said Isaac Lauderbaugh, though often requested by the directors of said district No. 11, to cause the amount then certified to him as clerk as aforesaid, to be levied on the property in said district, as is required by section 20 of the school law of this State in such cases made and provided, has refused, and still refuses, to perform his duty in the premises; and said petitioner (school district No. 11) is entirely without remedy in the premises unless it be afforded by the interposition of this honorable court; petitioner prays that a writ of mandamus issue against the said Isaac Lauderbaugh, clerk of district No. 1, township 29, range 32, Jasper county, Missouri, commanding him, as such clerk, to cause the amount certified to him by the committee aforesaid, to-wit: the sum of $390.50, to be levied and collected off of district No. 1 and applied to the use of district No. 11, as required by law, and such other order be made in the premises as justice may require. Now, therefore, being willing that full and speedy justice be done in the premises, we do command you, the said Isaac Lauderbaugh, clerk of district No. 1, as aforesaid, that immediately on receipt of this writ, you so cause to be levied and collected off of school district No. 1, for the use of said district No. 11, the amount certified to you as clerk aforesaid, by the committee appointed by the order of this court, to-wit: Isaac Johnson and C. P. Ball, and amounting to the sum of $390.50, or show cause at, etc., on, etc., why you have not done so."

On the day named, the defendant appeared and moved to quash the said alternative writ, assigning the following reasons: 1. The same was improperly and improvidently ordered by the court. 2. The said writ does not state facts sufficient to warrant its issuance or the relief prayed. 3. It does not appear from said writ that any obligation or duty was imposed by law on defendant to do the acts commanded. 4. It does not appear from said writ that defendant has failed to do any duty enjoined on him by law. 5. It does

not appear that defendant is the clerk of any school district duly incorporated for school purposes. 6. It does not appear that any sum of money has ever been found due by competent authority from district No. 1 to district No. 11.

This motion was by the court overruled, and the defendant excepted, and declining to plead further, final judgment was rendered awarding a peremptory writ as prayed. The defendant, thereupon, having unsuccessfully moved to arrest the judgment, filed his bill of exceptions, and brings the case here by appeal.

The first point made by appellant in the brief filed is, that th        murrer should have been sustained because the 

1. MANDAMUS: res alternative writ does not specifically state relator's right to the remedy invoked, nor defendant's duty to perform the act demanded; that it is not stated how, or on what account district No. 1 became indebted to No. 11, nor why relator has any right to a *pro rata* share of the school property of district No. 1. To this the answer is, that the issuance of a peremptory mandamus in the original cause between the same parties was in pursuance of a judgment of the court, and the question of the indebtedness of district No. 1 to district No. 11, is *res judicata*.

The demurrer, however, should have been sustained, because the prayer of the petition and the command of the 

2. SCHOOLS: division of districts. writ is, that the appellant, "immediately on receipt of this writ, cause to be levied and collected off of school district No. 1 for the use of district No. 11 the amount certified to you as clerk aforesaid, by the committee appointed by the order of this court, *  . *    amounting to the sum of $390.50, or show cause," etc. Section 19 of the school law provides that: "When a new district is formed, which shall include within its limits those who have heretofore aided in the erection of a school house in the district from whence they were detached, and they propose to surrender to the old district all claim therein for their share of said property, this fact

13—80

shall be distinctly stated in the notices posted in said district as required by section 18;     *     *     but if such fact is not thus expressed in such notices, the property belonging to the district shall be valued as hereinafter provided, and there shall be levied upon, and collected from the taxable property included in the original district prior to such new formation a sum bearing the same proportion to the entire value of the school property, as the assessed valuation of the taxable property included within that portion of the territory detached, bears to the total valuation of the property located in the original district." R. S. 1879, § 7024. The manifest construction of this section is, that the sum is to be raised by taxation, not of the property of the old district after the detachment of a part to form the new one alone, but of the property included within the detached territory also.

While the writ might have been amended, as was held in the case of the *State ex rel. Broadhead v. Berg*, 76 Mo. 136, yet, as defendant stood upon his demurrer, the court could not have, at that state of the proceeding, awarded a peremptory writ, because it would have been granting what respondent was not entitled to. There is nothing in the petition or writ to show that the judgment in the original mandamus proceeding found that plaintiff had the right to have the whole amount charged upon district No. 1, as it stood after the detachment of that portion which in whole or part composed district No. 11. The court could grant nothing except what was commanded by the writ, and not being warranted in granting that, the demurrer should have been sustained. A mandamus proceeding cannot be used as a "drag-net." The party seeking relief by that proceeding must specify just what he wants, nothing more or less. Tapping on Mandamus, 324, 327; High on Extraordinary Remedies, § 548; *State ex rel. v. Town of Pacific*, 61 Mo. 158; *State ex rel. v. Holladay*, 65 Mo. 76; *State ex rel. v. Kansas City, St. J. & C. B. R. R. Co.*, 77 Mo. 144. In *Hartshorn v. Assess-*

*3. MANDAMUS: amendment.*

*ors*, 60 Me. 281, the supreme court of that state held that: "When a mandamus is awarded for purposes partly legal and partly not, the court will not enforce it by a peremptory writ limiting its effect, but will quash it, for though the court will for the purpose of justice mold the rule for the writ, yet it cannot mold the writ itself. The defendant is not required to look *dehors* the writ to ascertain his duty," and that "the greatest care is to be bestowed upon the proper framing of the mandatory clause, the rule being that the writ must be enforced in the terms in which it is issued or not at all." The right to amend under our statute is another question and is by no means inconsistent with the adjudications in this State and elsewhere, above cited, declaring that no relief can be granted except that specifically asked for.

The judgment is reversed and the cause remanded. A'l concur.