STATE ex rel. DICK & BROTHERS QUINCY BREWERY COMPANY, Relator, Appellant, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, June 24, 1918.

1. **MANDAMUS: Railroads: Liquor Shipments.** The relator, a foreign corporation engaged in the manufacture and sale of beer in Illinois, brought mandamus proceedings to compel the respondent railroad to receive, carry, and transport and deliver beer over its line through a certain county in Missouri. A demurrer was filed by respondent and sustained, and relators appealed. *Held,* that the relator was endeavoring to compel the shipment of all liquor and its petition does not disclose definitely whether the sales were consummated in Kansas City or Adair County. If in the latter place they would be violative of the Local Option Law.

2. ——: ——: ——. Under sections 7227, 7228 and 7229, Revised Statutes, 1909, it is unlawful to keep, store or deliver for, or to any person, any intoxicating liquor in Adair county, except in those instances where a person has ordered the liquor for his own or family use and where such liquor is sent direct to the person using same.

Appeal from Adair Circuit Court.—*Hon. J. A. Cooley,* Judge.

AFFIRMED.

*F. U. Kander* and *Weatherby & Frank* for appellant.

*J. G. Trimble* and *Campbell & Ellison* for respondent.

TRIMBLE, J,—Relator, a foreign corporation engaged in the manufacture and sale of beer at Quincy, Illinois, brought mandamus to compel the respondent, the Quincy, Omaha & Kansas City Railroad Company, "to receive, accept, transport, carry and deliver beer offered to it over its said line of railroad" from Kansas City, Missouri, to and through the towns of Kirksville and Novinger in Adair county. The alternative writ was issued and respondent filed a demurrer which the court sustained, and from this order the relator has appealed.

The petition for the writ, after alleging the organization of the relator and the existence of respondent as a common carrier with a line of railroad from Kansas City, Missouri, to Novinger and Kirksville in Adair county, with depots and stations to receive and deliver goods carried, set up that "for a long time it had and still has a large number of customers in Adair county and particularly in the cities of Kirksville and Novinger in said county from whom it received orders for its beer and to whom it supplied the same;" that said beer was shipped over respondent's line of railway and said business was very profitable. The petition further alleged that it was the legal duty of respondent, as a common carrier, to receive, carry, transport, and deliver "*all* beer offered to it" and which is to be delivered at the depots and stations on its line where the same is offered for shipment on orders received by relator and the beer is intended and is for the consignee's own personal and family use.

The petition also discloses that the Prosecuting Attorney of Adair county had warned or notified the

respondent not to make deliveries of intoxicating liquor to individuals in Adair county and that pursuant thereto the respondent had issued a general order to its agents not to receive liquor consigned to any person at stations in Adair county except alcohol and whiskey to registered druggists and wine to regularly ordained clergymen or priests for sacramental purposes. The petition further alleged that respondent's refusal to accept "all shipments of beer tendered to it by relator" is undue prejudice to it and by such refusal its business has sustained great loss; and that "in failing to accept, receive, carry, transport and deliver beer offered to it by relator" it has and will continue to suffer great business loss and injury; that the refusal to accept, transport and deliver beer offered to respondent and "its refusal to accept in the future all beer which relator may offer respondent for carriage and delivery on its said line of railroad was and is arbitrary, illegal," etc; wherefore, the writ of mandamus was prayed as above stated.

We have set forth the foregoing substance of the petition in order to show that the sole purpose and end sought is to compel the acceptance, transportation and delivery of all beer offered for transportation and not the specific case of beer mentioned therein. While the petition does allege that a case of beer was presented for shipment, in answer to a written order (on one of defendant's blanks) from one Thomas, stating that it was for his own and family use, yet the petition does not seek to compel the acceptance and transportation of that particular shipment but is wholly directed to compelling the acceptance of all beer offered by relator for transportation and delivery over respondent's line. The alternative writ does not direct the respondent to accept and transport the particular case of beer alleged to have been ordered by Thomas but to accept, transport and deliver "all beer offered to you" by

said respondent. Nor did the alternative writ follow the prayer of the petition, but commanded the respondent "to receive at Kansas City all beer offered" by relator for transportation and delivery to persons in Adair county "where the beer is upon written orders signed by the consignee and received" by the relator "at Kansas City for the own or family use of the consignee, or consignees, and shipped direct to the person or persons ordering the she same."

For the purposes of the consideration of the demurrer it was agreed that the Local Option Law was in effect in Kirkville and in Adair county. That being true, it is unlawful "to keep, store, or deliver for or to another person" any intoxicating liquor in that county except in those instances where a person has ordered the liquor for his own or family use, and where such liquor is sent direct to the person using the same. [Sections 7227, 7228 and 7229, R. S. 1909.] If the liquor were shipped direct from Quincy to Kirksville or Adair county it would come under the ban of the "Reed Amendment" as it would be a shipment of liquor in interstate commerce. We mention this fact, not for the purpose of going into the question of whether relator's shipment of the liquor from Quincy to Kansas City and then from Kansas City back to Adair county is a "palpable evasion" or any evasion whatever of the Federal law, but merely to show within what narrow limits the right to have intoxicating liquor accepted, transported and delivered in local option territory, is confined. The fact that such right is confined to such narrow compass as is prescribed in the above cited statutes, is a circumstance to be borne in mind in considering whether the petition stated a clear and undoubted right to the mandamus sought and whether the court erred in sustaining the demurrer. A peremptory writ of mandamus is not a writ of right, but rests in the exercise of sound judicial discre-

tion. [State ex rel. v. Bank of Conception, 174 Mo. App. 589; State ex rel. v. Kansas City Gas Company, 254 Mo. 515.] Especially is this true where the subject-matter of the thing sought to be accomplished, or the right to have it done at all, is open to question and is confined to a very narrow compass. Of course, all this applies more properly where the case has been heard on its merits and the court is considering whether it will or will not issue the permanent writ, for it is after hearing the facts that a sound discretion can be exercised. But the circumstance above noted is not without its influence in determining whether the relator's pleading, in such a case, is sufficient to properly present and support the precise right relator is entitled to obtain and have enforced. If it does not, and the trial court has sustained a demurrer thereto, its ruling will be upheld and less leniency will be shown to the defects in the pleadings and less liberality indulged in toward the inferences to be accorded to such pleadings than might be shown and indulged in otherwise. In other words, when, in circumstances like these, relator is entitled, if at all, only to a right within certain very narrow and restricted limits, he must state his pleadings so as to bring the object sought clearly within the limits of his right, and not present his case in such way as to afford him much broader latitude than that to which he is strictly entitled.

Now, the petition for the writ seeks to compel the acceptance and transportation of all beer offered by relator for transportation, while the alternative writ directs the receipt of all beer offered at Kansas City where relator has a written order received at Kansas City signed by the consignee for his own or family use and shipped direct to him. The rule in this State is that "the relief asked in the petition is the only relief that can be granted on a final hearing." [State ex rel. v. Davis, 54 Mo. App. 447, 450.] Neither the petition nor the prayer thereof nor the

command of the alternative writ are specific. They do not relate to specific shipments but are general and indefinite, the first asking that respondent be required to accept all shipments of beer offered by relator and the second commanding the respondent to accept all shipments where the shipment is made on certain orders and they are intended for the consignee's own or family use. Nothing is stated as to how or in what manner the respondent' shall ascertain what shipments come within the qualifying conditions which entitle the shipment to be transported but all of that burden is laid upon the respondent. But the writ of mandamus when finally issued "is an unreasoning, inflexible, peremptory command to do a particular thing therein specified without condition, limitation or terms of any kind." [State ex rel. v. Bank of Conception, 174 Mo. App. 589, 593.] It directs the doing of a clear, legal obligation. There must be no indefinite, non-specific features about the thing to be done, or doubt about whether it should be done. [2 Bailey on Habeas Corpus and Extraordinary Remedies, 800; Bayard v. United States, 127 U. S. 246, 249.] Even if the allegations of the alternative writ could be considered as curative of the defects in the petition for the writ, yet the facts alleged and the limiting conditions stated are not sufficient to disclose definitely whether the sales of the liquor offered for shipment were sales which were consummated in Kansas City or in Adair county, and of course, if they were consummated in the latter place, they would be violative of the Local Option Law.

We think the demurrer was properly sustained and, therefore, affirm the judgment. All concur.