STATE OF MISSOURI EX REL. GERTRUDE BLACK, PLAINTIFF IN ERROR, v. ROY RENNER ET AL., DEFENDANTS IN ERROR.—148 S. W. (2d) 809.

Kansas City Court of Appeals. February 17, 1941.

830

*Wm. Bush* and *Alan F. Wherritt* for plaintiff in error.

CAMPBELL, C.—Gertrude Black, a school teacher, brought a proceeding in *mandamus* against the directors of five common school districts in Clay County, Missouri, on March 29, 1939. She filed an amended petition in the cause on April 19, 1939.

The respondents, now defendants in error, on July 19, 1939, filed a pleading in which they treated the amended petition as an alternative writ of *mandamus* and moved the court to quash the writ for the reasons (1) the writ (petition) failed to state facts sufficient to constitute a cause of action; (2) that there was a misjoinder of parties respondent; (3) that the writ fails to allege there are any funds available against which warrants could be lawfully issued; (4) the writ orders respondents "and each of them" to levy taxes on the property in five districts, (5) and that the writ fails to state facts showing that any respondent has failed or refused to perform any ministerial duty. The motion was heard and sustained and the cause dismissed. In due time thereafter the record in the cause was brought to this court upon a writ of error obtained by plaintiff in error. The amended petition alleged plaintiff in error, hereinafter called relator, taught school under contract with the Consolidated School District No. 1, Clay County, Missouri, during the years 1923-1924 and 1924-1925; that the consolidated school district was dissolved and that her salary as teacher was not paid in full; that, thereafter, the five common school districts named in the caption hereof were organized from the territory theretofore included within said consolidated school district. The petition further alleged that relator obtained a judgment against the five common school districts in the amount of $682 on July 13, 1935; that defendants in error failed and refused to pay said judgment or any part thereof. The petition further alleged that School District No. 51, at the time the amended petition was filed, had in its teachers' fund the sum of $468.74 and the sum of $256.34 in its incidental fund; that District No. 63 then had in its teacher's fund the sum of $668.55 and in its incidental fund $1341.65; that District No. 64 then had $917.19 in its teachers' fund and $302.88 in its incidental fund; that District No. 73 then had in its teachers' fund $510.78 and in its incidental fund $622 79; that the funds so held by said districts were subject to the payment of relator's judgment, and that it was the duty of the directors of the five school districts to apply said funds in payment of said judgment; that if said districts did not hold funds sufficient to pay relator's judgment, it was the duty of the directors to levy taxes against the property in the districts sufficient to pay the judgment.

The prayer of the petition follows:

"Wherefore, relator prays the Court to issue its Writ of *Mandamus* herein ordering and directing said school directors of said school districts to forthwith pay said judgment in favor of relator including the costs in said suit, out of the funds on hand as aforesaid in said

school districts, subject to the payment of said judgment; or, if sufficient funds be not on hand for the payment of said judgment; or, in the discretion of the Court, that the Court order by Writ of *Mandamus* aforesaid, said Englewood School District No. 64, Big Shoal School District No. 63, and Faubian School District No. 51, Clay County, Missouri, to forthwith and immediately make a levy of taxes against the property in said respective districts sufficient to procure funds necessary for the payment of said judgment and apply said taxes immediately upon collection and receipt thereof by said respective school districts to the payment and discharge of said judgment, or, in the discretion of the court that the court by Writ of *Mandamus* aforesaid, order the aforementioned five common school districts, against which said judgments were rendered, to make a levy of taxes against the property in said respective districts sufficient to procure the funds necessary for the payment of said judgment, and apply said taxes immediately upon collection and receipt thereof by said respective school districts to the payment and discharge of said judgment; and that relator have and recover herein her costs herein expended.''

Relator, evidently realizing the relief prayed for cannot be granted, contends that the prayer is no part of the petition and that the court will grant whatever relief is proper under the facts stated in the petition. While the rule invoked is applicable in a certain class of cases. It has never been applied, so far as the author hereof is advised, in a *mandamus* proceeding. On the contrary, the established rule is that he who seeks *mandamus* ''must specify just what he wants, nothing more or less.'' [School District No. 11 v. Lauderbaugh, 80 Mo. 190; State ex rel. Dick Bros. Quincy Brewery Co. v. Quincy, O. & K. C. R. Co., 204 S. W. 584; State ex rel. Mills et al. v. Turnage et al., 263 S. W. 497, 217 Mo. App. 278; State ex rel. Cool v. Kelly et al., 142 S. W. (2d) 1091.] Thus, unless we can grant the relief sought, we can grant no relief.

In an original proceeding we could, on a proper showing, allow the alternative writ to be amended, but as the cause was brought here on writ of error we have no such power.

The judgment in favor of relator was a joint and several judgment, and each school district was liable for the entire amount thereof. When that judgment became final it was the duty of each district, acting through its directors, ''to take such steps as the constitution authorizes for the immediate payment'' of the judgment. [State ex rel. Hufft v. Knight et al., 121 S. W. (2d) 762, 764.]

The relator asks that we command the fifteen school directors to do one or the other of two things. First, to forthwith pay her judgment with the funds held by the districts. When the facts pleaded and the nature of a writ of *mandamus* are considered, it is manifest we cannot issue such a command. The writ cannot issue against the directors of any one district only, but if issued it must be directed to

all of the directors, for that is the specific things we are asked to do. There is no allegation that District No. 72 has any funds; nor is there allegation that the funds held by the other four districts were not raised by taxation for the purpose of maintaining schools for the current year in accordance with the provisions of section 9195, R. S. 1929, and section 13, Laws of Missouri, 1931, page 340. If the funds were held for the latter purpose, then they could not be used for any other purpose. [Section 9233, Revised Statutes 1929; School District No. 6 v. Shawhan, 273 S. W. 182, 184.] The petition does not state *facts* showing the funds of the districts are not held for the purpose of maintaining school for the current year. In the absence of such allegations, right to the writ is not shown. It must be remembered the writ of *mandamus* is a hard, unreasoning writ (State ex rel. v. Hudson, 236 Mo. 239) and never issues unless right thereto clearly appears.

Furthermore, there is no legal principle which would authorize this court to command the districts or the directors to act jointly in paying relator's judgment. Each district is an entity, existing separate and apart from each other district. The directors of any one of the districts has no authority over the funds of any other district. Obviously we could not, under any circumstances, direct the districts or the directors to pay to relator more than the amount of her judgment, nor fix the amount any of the districts should contribute to the discharge of the judgment, from which it follows there was a misjoinder of parties respondents.

Second, the relator asks that if the funds held by the districts are not sufficient to pay her judgment, the court directs districts Nos. 51, 63 and 64 to immediately levy taxes against the property in their respective districts to obtain funds sufficient to pay her judgment or in the discretion of the court the five districts be directed to make such a levy.

Of this request it suffices to say a common school district does not have authority to levy taxes; its directors are required by section 9214, R. S. 1929, on or before May 15 of each year to make and deliver to the county clerk an estimate of the amount of funds necessary to maintain school in such district for the term required by law and for other purposes, and the clerk upon making such estimate proceeds to assess the proper amount against the taxable property in the district. The law does not authorize the directors of any district to levy a tax and a command to them to levy a tax would be of no avail.

We conclude the motion to quash was well ruled. The judgment is affirmed. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of Campbell, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.