STATE OF MISSOURI EX REL. W. T. O. HART, ANTON SESTRIC, JOSEPH P. COLLINS, JAMES H. DENEEFE, G. J. DIXON, THOMAS GABBERT, GEORGE W. JOHNSON, J. GLENNON MCKENNA and EBEN P. WROUGHTON, as Judges of the Magistrate Court of the City of St. Louis, Relators, v. THE CITY OF ST. LOUIS, ALOYS P. KAUFMANN as Mayor, LOUIS NOLTE as Comptroller, CHARLES E. ALBANESE as President of the Board of Aldermen, and ORVILLE A. ARMSTRONG, LOUIS G. BERRA, WILLIAM C. BRADY, JASPER C. CASTON, EDGAR J. FEELY, FRANK FLOTTMANN, CARL W. GUETSCHOW, FRED W. HAAG, ALFRED I. HARRIS, JOHN W. HOERR, CHARLES G. KRATOVIL, LOUIS A. LANGE, RAY F. LOHSE, WALTER LOWE, CHARLES P. MCBRIDE, FLOYD L. MCKINNEY, RICHARD NICHOLS, ANTON NIEMEYER, HARMAN H. NOVACK, CHARLES B. O'CONNOR, LINTON W. PETERSON, SIDNEY R. REDMOND, VERNON RIEHL, JOSEPH R. SLAY, HARRY A. STOFFER, J. RAY WEINBRENNER and WALTER W. ZIEGENBALG as the remaining Members of the Board of Aldermen of the City of St. Louis.—No. 40392.—204 S. W. (2d) 234.

Court en Banc, July 31, 1947.

*Alroy S. Phillips* for relators.

822

*George L. Stemmler,* City Counselor, and *Thos. J. Neenan,* Associate City Counselor, for respondents.

824

TIPTON, C. J.—This is an original proceeding in mandamus to compel respondents, the city of St. Louis, Aloys P. Kaufmann as mayor and Louis Nolte as comptroller, to draw, or cause to be drawn, warrants for the salaries of the clerks and employees provided in ordinance No. 43940 of the city of St. Louis, as they may be appointed and certified by relators; to compel the respondents, Board of Aldermen of the city of St. Louis, to enact, if necessary, an appropriate ordinance to pay their salaries; and to compel the Board of Estimate and Apportionment to approve, if necessary, that ordinance.

The relators are the judges of the magistrate court of the city of St. Louis. The respondents are the city of St. Louis, the mayor, the comptroller and the president of the Board of Aldermen, constituting the Board of Estimate and Apportionment of that city, and the members of the Board of Aldermen.

The respondents filed their return to our alternative writ, that is, with the exception of the aldermen and their president who did not file a return. Relators filed a motion for judgment on the pleadings.

Relators are the first judges of the magistrate court of the city of St. Louis, which court was created by our Constitution of 1945. They took office January 1, 1947, and organized themselves into a court of record. This court consists of an assignment division, with a central office, and a division for each of the nine magistrates with a deputy clerk in each division whose salaries are paid by the state.

On January 10, 1947, the Board of Aldermen, over the veto of the mayor and without the recommendation of the Board of Estimate and Apportionment, enacted ordinance No. 43940, the material parts of which are as follows:

"Section One. The Magistrate Court of the City of St. Louis, in banc, is hereby authorized to appoint one Chief Clerk and two Deputy Clerks, and in addition thereto, for the proper dispatch of the business of said Magistrate Court, one Cashier, one bookkeeper, one assistant cashier, one assistant bookkeeper, two stenographers and one messenger.

"Section Two. The salary of the Chief Clerk shall be Five Thousand ($5,000.00) Dollars per annum; the salary of each deputy Clerk shall be Twenty-four Hundred ($2400.00) Dollars per annum; the salary of the Cashier shall be Thirty-six Hundred ($3600.00) Dol-

lars per annum; the salary of the Assistant Cashier shall be Three Thousand ($3,000.00) Dollars per annum; the salary of the Bookkeeper shall be Thirty-six Hundred ($3600.00) Dollars per annum; the salary of the assistant bookkeeper shall be Three Thousand Dollars ($3000.00) per annum; the salary of each stenographer shall be Twenty-one Hundred ($2100.00) Dollars per annum; and the salary of the Messenger shall be Eighteen Hundred ($1800.00) Dollars per annum; all of which salaries shall be paid by the City of St. Louis, Missouri.''

Respondents contend that the above ordinance is illegal because it was not authorized by the Constitution of Missouri, Senate Bill 207, Laws of 1945, page 765, or Senate Bill 239, Laws of 1945, page 807, and for the further reason that the recommendation of the Board of Estimate and Apportionment was necessary for the proper enactment of this ordinance.

Pursuant to Section 21 of Article V of the Constitution, the Legislature enacted Senate Bills 207 and 239 which provide for the administration of magistrate courts of this state.

Senate Bill 239 deals only with the magistrate court in the city of St. Louis, while Senate Bill 207 deals with magistrate courts of the state at large.

The validity of ordinance No. 43940 depends upon whether these two bills authorized the Board of Aldermen to enact this ordinance.

The pertinent parts of Senate Bill 239 are as follows:

''Section 2. . . . all the provisions of general law applicable to magistrates, their courts and officers, shall be applicable to the courts, magistrates and officers provided in this act except so far as inconsistent therewith.''

''Section 3. Each such magistrate court in banc shall be composed of all the magistrates, and each division thereof shall be composed of at least one magistrate. The court may appoint from its number a chief magistrate, and may appoint and remove at its pleasure a chief clerk and not more than two deputy clerks, and a chief constable from among the constables. Each magistrate may appoint and remove at his pleasure one deputy clerk.''

''Section 5. The salaries of the magistrates and clerks of the court shall be fixed and paid as provided by general law for other magistrates and clerks in such counties, except that the annual salary of each magistrate shall be $6,000.00.''

The pertinent parts of Senate Bill 207 are as follows:

''Section 1. Magistrates, as herein provided for, shall be elected at the general election to be held in 1946, and every four years thereafter, and shall hold their offices for four years, or until their successors are elected or appointed, commissioned and qualified; . . .
In counties of 100,000 inhabitants or more there shall be two magistrates and one additional magistrate for each additional 100,000 in-

habitants, or major fraction thereof. According to the needs of justice, in counties of more than 30,000 inhabitants, the foregoing number of magistrates in any county may be increased by not more than two, or such increased number may be decreased, by order of the circuit court. . . . ''

"Section 17. The salaries of all magistrates shall be paid by the state, except that the state shall not pay the salaries of additional magistrates whose offices are created by order of the circuit court as provided for in Article V, Section 18 of the Constitution; but the districts assigned to such additional magistrates shall be designated as 'additional magistrate districts' and the salaries of such magistrates shall be paid by the county.''

"Section 21. In all counties each magistrate shall by an order duly made and entered of record appoint and fix the salary of a clerk of his court and may appoint such deputies and employees as may be necessary for the proper dispatch of the business of his court and fix their salaries at such sum as in his discretion may seem proper. The total salaries of clerk, deputies and other employees paid by the state shall in no event exceed the annual amount fixed in this act for clerk and deputy clerk hire of such courts, *provided,* that in any county where need exists, the county court is hereby authorized, at the cost of the county, to provide such additional clerks, deputy clerks or other employees as may be required. All such clerks, deputies and employees shall serve at the pleasure of the magistrate.''

"Section 22. Salaries of clerks, deputy clerks and employees provided for in the last preceding section shall be paid by the state within the limits herein provided upon requisition filed by the judge of the magistrate court; except that the salaries of clerks, deputy clerks and employees of additional magistrates whose offices are created by order of the circuit court as provided in Section 1 of this act shall be paid by the county as the salaries of such magistrates are required to be paid. The total amount that may be paid by the state in any one year for such clerks, deputy clerks and employees of the magistrate courts in the different counties shall not exceed the following sums: . . . in all counties now or hereafter having a population in excess of 100,000 inhabitants, the sum of $3000 for each magistrate in the county. The salaries of such clerks, deputy clerks and employees shall be fixed by the magistrate, or magistrate court if the magistrates are organized into a court with divisions.''

"Section 23. Upon the commencement of any proceedings in the magistrate court the party commencing the same shall pay to the clerk of said court a magistrate fee of five dollars ($5.00). The fees herein provided shall be charged against the losing party, and if recovered from said party the same shall be repaid to the party making the deposit of such fee. Except as provided in Section 23a of this act, it shall be the duty of each clerk of the magistrate court, with

the approval of the magistrate to charge upon behalf of the State every fee that accrues in his office and to receive the same, and at ▮▮▮▮▮ the end of each month, pay over to the director of revenue all monies [moneys] collected by him as fees, taking two receipts therefor, one of which he shall immediately file with the director of revenue, and shall at the end of each quarter make out an itemized and accurate list of all fees in his office, in which list shall be itemized all fees collected by him and also all fees due his office which have not been paid, giving the name of the person or persons paying or owing the same, and turn the same over to the director of revenue, stating that he has been unable, after the exercise of diligence, to collect the part unpaid, said report to be verified by affidavit, and it shall be the duty of the director of revenue to cause the fees unpaid within one year from the date accrued to be collected by law.

"All magistrate fees received by the director of revenue shall be deposited by him with the state treasurer in a special fund to be denominated 'magistrate fund', and all moneys in said fund shall be used exclusively for the payment of salaries of magistrates, their clerks, deputies and employees; *provided, however,* that such salaries may also be paid from the general revenue of the state whenever either the balance in the magistrate fund or the appropriation from such fund is insufficient to pay such salaries."

"Section 23a. In all cases where additional magistrates are selected to fill offices created by order of the circuit court as provided in Section 1 of this act, it shall be the duty of the clerk of each such magistrate court, with the approval of the magistrate to charge upon behalf of the county every fee that accrues in his office and to receive the same, and at the end of each month pay over to the county treasurer all moneys collected by him as fees taking from said treasurer two receipts therefor, one of which he shall immediately file with the county clerk, and at the end of each quarter such magistrate shall make out an itemized and accurate list of all fees in his office, in which list shall be itemized all fees collected by him and also all fees due his office which have not been paid, giving the name of the person or persons owing the same and turn the same over to the county treasurer stating that he has been unable after the exercise of due diligence to collect the part unpaid, said report to be verified by affidavit.

"All magistrate fees received by the county treasurer shall be deposited by him in a special fund to be denominated 'additional magistrate fund', and withdrawals may be made during the current fiscal year only for the payment of salary of additional magistrate and clerks, deputy clerks and employees of such additional magistrate. The balance, if any, remaining in said fund at the end of the year may be transferred to the general revenue fund of the county."

■ The city of St. Louis is recognized both as a municipality and a county. Section 31, Article VI of the 1945 Constitution. Sections 15744 and 15745, Mo. R. S. A., provide that the municipal assembly of St. Louis shall perform any act or duty which the law requires to be performed by a county court. State ex rel. Dwyer v. Nolte, 351 Mo. 271, 172 S. W. 2d 854. This fact is admitted by all parties to this action.

■ In deciding this case it is necessary to construe Senate Bills 207 and 239 together. Section 2 of Senate Bill 239 specifically says that all the provisions of general law (Senate Bill 207) shall be applicable except so far as inconsistent therewith.

To uphold the legality of the ordinance in question, the relators rely mainly upon the following provision of Section 21 of Senate Bill 207: ". . . *provided,* that in any county where need exists, the county court is hereby authorized, at the cost of the county, to provide such additional clerks, deputy clerks or other employees as may be required." There can be no doubt that the Board of Aldermen, acting in its capacity as a county court, had the right to determine the need for additional clerks, deputy clerks and other employees at the expense of the city. By enacting ordinance No. 43940 the Board determined that the clerks, deputy clerks and other employees provided by that ordinance were needed.

■ First, respondents contend that the Board of Aldermen had no authority to appoint ■ one chief clerk and two deputy clerks under Senate Bills 207 and 239 for the reason that they are provided for by Section 3 of Senate Bill 239 and their salaries are to be paid by the State. With this we agree. That section provides that the magistrate court in banc "may appoint and remove at its pleasure a chief clerk and not more than two deputy clerks, . . . Each magistrate may appoint and remove at his pleasure one deputy clerk." Section 5 of this bill states that "the salaries of the magistrates and clerks of the court shall be fixed and paid as provided by general law for other magistrates and clerks in such counties, . . ." Section 21 of Senate Bill 207 only authorizes additional clerks where the need exists. The chief clerk and two deputy clerks are not additional clerks, as they are specifically provided for in Senate Bill 239. The general law for magistrates (Section 22 of Senate Bill 207) provides that the salaries of clerks shall be paid by the State, except those clerks for additional magistrates created by order of the circuit court whose salaries are provided for in Section 23a of Senate Bill 207. In fact, the relators in their briefs admit that the salaries of all positions created by Senate Bill 239 are payable by the State.

It therefore follows that the Board of Aldermen of the city of St. Louis does not have the authority to provide for a chief clerk and two deputy clerks to be paid for by the city.

Respondents contend that the Board of Aldermen has no authority under Senate Bills 207 and 239 to provide for the cashier, bookkeeper, assistant cashier, assistant bookkeeper, two stenographers and a messenger. Respondents do not deny that these positions would not come under the classification of "other employees" in the proviso in Section 21 of Senate Bill 207, but they do contend that that proviso applies only to additional magistrates that are created by the circuit court as authorized by Section 1 of Senate Bill 207.

Section 17 of Senate Bill 207 provides that the salaries of all magistrates shall be paid by the state except the salaries of additional magistrates whose offices are created by order of the circuit court. Section 22 of that bill provides that the salaries of clerks, deputy clerks and other employees shall be paid by the State except those salaries of clerks, deputy clerks and employees of additional magistrates whose offices are created by order of the circuit court. Section 23 provides that all fees that accrue to the office of magistrate shall be paid over to the director of revenue and shall be deposited by him with the state treasurer in a special fund denominated "magistrate fund." This fund shall be used for the payment of salaries of magistrates, their clerks, deputy clerks and employees except as provided in Section 23a. That section provides that all fees collected in additional magistrate offices created by order of the circuit court shall be paid over to the county treasurer, and such fees shall be deposited by the county treasurer in a special fund denominated "additional magistrate fund" to be used to pay the salaries of the additional magistrate, and clerks, deputy clerks and employees.

Section 21 provides for the appointment and the fixing of salaries of clerks, deputy clerks and employees of magistrate courts. We think the first sentence of this section applies to both the magistrate court and additional magistrates. It reads: "In all counties each magistrate shall by an order duly made and entered of record appoint and fix the salary of a clerk of his court and may appoint such deputies and employees as may be necessary for the proper dispatch of the business of his court and fix their salaries at such sum as in his discretion may seem proper." This sentence does not distinguish between the magistrate created by this act and the additional magistrate created by order of the circuit court. It is general and applies to both types of magistrates. If it were intended not to apply to the additional magistrate, certainly the exceptions so plainly stated in sections 17, 22 and 23 would have been included in section 21.

It is true section 3 of Senate Bill 239 provides for a chief clerk and not more than two deputy clerks for the court in banc, but section 2 of that act says that the provisions of the general law, that is, Senate Bill 207, shall be applicable to the act creating the magistrate court of St. Louis. There is no inconsistency between section 3 of Senate Bill 239 and section 21 of Senate Bill 207.

We therefore hold that the Board of Aldermen, acting in its capacity of a county court, has the power to provide, for the proper dispatch of the business of the magistrate court of the city of St. Louis, one cashier, one bookkeeper, one assistant cashier, one assistant bookkeeper, two stenographers and one messenger.

The fact that the Board of Aldermen did not have the power to provide for a chief clerk and two deputy clerks does not invalidate the ordinance. The general rule is that where an ordinance consists of several distinct and independent parts, some of which are void because in contravention of a state statute, this does not affect the validity of other independent provisions of the ordinance. 43 C. J. 549, sec. 857; State ex inf. McKittrick ex rel. City of Springfield v. Springfield City Water Co., 345 Mo. 6, 131 S. W. 2d 525. The ordinance in question is separable. If we eliminated the void parts of this ordinance it would read: "The magistrate court of the city of St. Louis, in banc, is hereby authorized to appoint for the proper dispatch of the business of said magistrate court, one cashier, one bookkeeper, one assistant cashier, one assistant bookkeeper, two stenographers and one messenger."

Respondents next contend that since the ordinance contemplates and involves the payment of money, it is void because it has not been recommended by the Board of Estimate and Apportionment. Even if the Board of Aldermen had been acting under its powers granted by the city charter, and not as a county court, it would not be necessary to first, have the approval of the Board of Estimate and Apportionment because this is not an appropriation ordinance. It only creates certain positions and fixes the salaries for these positions. This point was ruled against respondents in the case of State ex rel. Mulvoy v. Miller et al., 315 Mo. 41, 285 S. W. 504, l. c. 508, wherein we said:

"Furthermore, section 3 of article 16 of the charter clearly indicates that the appropriation bill to be submitted and recommended by the board of estimate and apportionment to the board of aldermen is the ordinance or bill that contemplates and involves the payment of the salary here fixed, and no other bill or ordinance does. Article 16, which deals exclusively with the board of estimate and apportionment, indicates no power or duty on the part of this body to recommend any except appropriation ordinances. Above section 25 of article 4 must be construed in the light of the charter powers of this board. Respondents' claim would make the legislative branch of the city government subservient to the will of the board of estimate and apportionment in all matters even remotely looking to the expenditure of money. The charter gives this board no such power. Its recommendation is required only in connection with appropriation bills or their equivalent."

■ The prayer of relators' petition for mandamus asked us to direct respondents to take the necessary steps to pay the salaries of the clerks and employees provided in ordinance No. 43940. We have already ruled that that part of the ordinance which provides for a chief clerk and two deputy clerks is invalid. Under this situation our writ must be quashed, for the rule is well settled that in mandamus "he who seeks mandamus 'must specify just what he wants, nothing more or less.' School District No. 11 v. Lauderbaugh, 80 Mo. 190; State ex rel. Dick & Bros. Quincy Brewery Co. v. Quincy, O. & K. C. R. Co., 199 Mo. App. 668, 204 S. W. 584; State ex rel Mills et al. v. Turnage et al., 217 Mo. App. 278, 263 S. W. 497; State ex rel. Cook v. Kelly et al., Mo. App., 142 S. W. 2d 1091 Thus, unless we can grant the relief sought, we can grant no relief" State ex rel. Black v. Renner et al., 235 Mo. App. 829, 148 S. W. 2d 809, 1. c. 811. See, also, State ex rel. St. Louis County v. St. Johns-Overland Sanitary Sewer District et al., 353 Mo. 974, 185 S. W. 2d 780. It is true that relators could have asked to amend our alternative writ, but this case was submitted to this Court without such request. State ex rel. Beach et al. v. Beach et al., 325 Mo. 175, 28 S. W. 2d 105.

■ Since our writ must be quashed, we deem it unnecessary to discuss other points raised in the briefs.

From what we have said, it follows that our writ should be quashed. It is so ordered. All concur.