STATE of Missouri ex rel. HERMITAGE R–IV SCHOOL DISTRICT, Relator-Respondent,

v.

HICKORY COUNTY R–I SCHOOL DISTRICT, Robert Reese, Jack L. Logan, Claude Bybee, Charles Crawford, Donald Mowhiney and Amadee Fugate, Respondents-Appellants.

No. 59603.

Supreme Court of Missouri, En Banc.

Dec. 19, 1977.

Carl F. Sapp, Columbia, for relator-respondent.

David Smith, Springfield, for respondents-appellants.

RENDLEN, Judge.

Mandamus brought at the relation of Hermitage R–IV School District to enforce a Board of Arbitration award, ordering respondent Hickory County R–I School District to pay Hermitage $52,393.49 resulting from boundary changes transferring property out of Hermitage into the Hickory District. The Districts were unable to agree on apportionment of the assets and liabilities resulting from the change and Hermitage appealed to the State Board of Education for the appointment of a Board of Arbitration pursuant to § 162.041, RSMo

1969.[1] The Board was appointed, a hearing conducted in which both parties availed themselves of the opportunity to fully present their views and on July 25, 1975, Hermitage was awarded $52,393.49 to compensate its loss.

On Hickory's failure to pay, Hermitage petitioned the circuit court for mandamus and the alternative writ issued containing allegations that the award had not been paid and "that respondents have or will have sufficient sums of money on hand to pay the award and judgment or that Respondent may increase its levy within the Constitutional limits to pay the judgment and award." By its return, Hickory admitted most of the factual allegations of the alternative writ, however, by paragraph 5(a) through (i) of the return Hickory attacked the validity of both the original award and the alternative writ of mandamus. The trial court struck all of paragraph 5 from the return, entered judgment on the pleadings and issued its peremptory writ ordering respondents "immediately after receipt of this Writ [to pay] the Hermitage R–IV School District the sum of $52,-393.49 together with interest at six percent from the 25th day of July, 1975," and to take the necessary administrative action securing issuance of the warrant for such payments. Respondent was further ordered to "make known to us before [this court] . . . on the 15th day of July,

1976 how you have executed this Writ." Hickory appealed.

■ Respondent's contentions center on the action of the court striking paragraph 5 of its return and summarily issuing its peremptory writ without a hearing on the factual issues raised by the stricken paragraph. For reasons hereinafter discussed, we find the court erred in striking subparagraph 5(f) of the return and issuing the writ in its present form without first determining the factual issue raised.

■ It is not questioned that mandamus is the proper procedure for Hermitage R–IV [relator-respondent] to seek enforcement of its arbitration award. *State ex rel. Hufft v. Knight,* 121 S.W.2d 762 (Mo.App. 1938); *City of Edina to Use of Pioneer Trust Co. v. School District of City of Edina,* 305 Mo. 452, 267 S.W. 112 (banc 1924). Further, as discussed by the court in *Hufft, supra* at page 764, a school district owes the duty to pay an obligation established by a judgment against it and its officers are required to take such steps as the Constitution authorizes for the discharge of the liability fixed by the judgment. This duty results from the plain moral as well as the legal obligation of a district to pay its debts and no discretion within the legal limitation of the performance of the duty can rightfully be claimed or exercised.

Turning now to the stricken paragraph 5(f),[2] as previously noted the court by its

1. Section 162.041: "1. If the school boards of the several districts cannot agree upon an adjustment and apportionment of property and indebtedness as provided in section 162.031, the board of either district may appeal to the state board of education, which shall appoint three persons as a board of arbitration to make an adjustment and apportionment of property and indebtedness in accordance with section 162.031. The board of arbitration shall *proceed in the manner provided by section 162.691* but it may hold hearings after giving the affected districts reasonable notice thereof before making its award. Each member of the board of arbitration shall be paid fifteen dollars per day by the district instituting the appeal.

2. Any sum awarded by agreement of the school boards or by decision of a board of arbitration to any school district *shall be a legal and valid claim* in its favor and against the school district charged therewith. The *amount*

of debt, if any, apportioned to any school district shall be a *legal and valid claim against the school district charged therewith.* Upon the filing of the agreement of the school boards or the decision of the board of arbitration with the county superintendent, the claim or indebtedness charged against any school district may be collected in the same manner as other claims against a school district." (Emphasis ours.)

2. Subparagraph 5(f) is as follows: "The award made by the Board of Arbitration and the order as contained in the Alternative Writ of Mandamus is illegal and unenforceable in that it orders the Respondent district to pay money, and, as such, is in violation of Section 165.021 R.S.Mo., in that said section prohibits a school district from the disbursement of any funds except for the specific purposes for which they were levied, collected and received. The Respondent district does not have sufficient mon-

peremptory writ ordered *immediate* payment of the amounts due. In so doing the court assumed the verity of the alternative writ's allegation (taken from the allegation of relator's petition) "that respondents have or will have sufficient sums of money on hand to pay the award and judgment." Absent that allegation in the alternative writ, which if denied must be supported by proof, the court could not properly require *immediate* payment. *State ex rel. Black v. Renner,* 235 Mo.App. 829, 148 S.W.2d 809 (1941). Paragraph 5(f) of the return constituted a statement of ultimate fact, denying that sufficient funds were on hand to pay the award, thereby presenting issues of fact requiring resolution before the court could order *immediate* payment. Accordingly for this limited reason the judgment will be reversed.

▮▮▮ We have examined respondent's remaining contentions concerning the other stricken subsections of paragraph 5 and find them without merit. Subparagraphs (a), (b), (c) and (h) attack the decision or award of the Board of Arbitration and do not address the allegations of the alternative writ; hence, they were properly struck. *State ex rel. Brandon v. Hickey,* 462 S.W.2d 159 (Mo.App.1970); *State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 424 S.W.2d 73 (Mo.App.1968). Further, said subparagraphs are insufficient to show the decision (judgment) of the board was void on its face or so indefinite and uncertain as to demonstrate want of jurisdiction. With the presumption of regularity and right acting, indulged in the absence of any indication to the contrary, the decision of the board would withstand the test of a review on writ of certiorari, *State ex rel. Reorganized School District R–9 of Grundy County v. Windes,* 513 S.W.2d 385, 390 (Mo. 1974), *a fortiori* it will withstand the attempted collateral attack in this mandamus proceeding to enforce the judgment. By paragraph 5(a) of the return, Hickory contends the board of arbitration decision was

void because in referencing the statute under which it proceeded, the decision mistakenly mentioned § 162.031. The board's actions, clearly apparent from its order, demonstrate it proceeded under § 162.041 and the mistaken reference to § 162.031 did not void its action and warrants no further comment. In 5(b) respondent charges the award was invalid because § 162.041 under which the board proceeded refers to § 162.-691, RSMo 1969, for procedural guidelines. The legislature, about a year prior to the board's action repealed § 162.691 but left intact § 162.041, the basic authority for the board's action; thus the jurisdiction to proceed remained. Paragraph 5(c) of the return complains that the absence of right of appeal constitutes a denial of due process, voiding the award. Right of appeal in such cases is not essential for due process, *Ex parte Williams,* 345 Mo. 1121, 139 S.W.2d 485 (1940). It should also be pointed out that while there is no statutory provision for appeal from an award made under § 162.041, RSMo 1969, review of the record is available by certiorari, *Windes, supra.* Paragraph 5(h) attacks the award as arbitrary, contending bias of the members. It does not raise jurisdictional challenge to the award nor address the allegations of the alternative writ. It too was properly stricken. *State ex rel. Brandon v. Hickey, supra.* Paragraph 5(g) suggests the writ is invalid because the order in effect requires respondent school board to increase its levy, an act which respondent alleges it has no right or power to perform. This is not well taken for these reasons: (1) the writ does not so require, (2) notwithstanding Hickory's contention that the board may *not* increase the levy, the court may on a proper showing order the Hickory board to *secure through lawful means* a levy increase within constitutional limits. Stricken paragraph (i) contains no statement of ultimate facts but mere conclusions requiring no discussion here. *Cady v. Hartford Accident &*

---

ey in the treasury in any fund for the payment of such indebtedness and, therefore, under Paragraph 4 of Section 165.021 it is prohibited from the payment of any money as provided in

the award made by the Board of Arbitration and as ordered in the Alternative Writ of Mandamus."

*Indemnity Co.*, 439 S.W.2d 483 (Mo.1969). Paragraph 4(d) and 4(e) in combination complain that the arbitration award and the court's alternative writ of mandamus were violative of Mo.Const. Art. VI, 26(a),[3] in that they "[anticipate] revenues . . . for a period of more than one year, i. e., for a period of four years." The subparagraphs were properly stricken for the reasons (among others), (1) 4(d) standing alone is a mere conclusion and not a statement of ultimate fact entitling respondent to relief. (2) The constitutional limitation for indebtedness during any year by a school district as provided in Mo.Const. Art. VI, § 26(a), does not affect relator's judgment or respondent's obligation thereon, but is a constraint on the board's authority to incur contractual obligations exceeding the limits defined. It could go only to the narrow question of *immediate* availability of funds otherwise properly raised by such paragraph 5(f). Thus all portions of paragraph 5 of respondent's return were properly stricken except subparagraph 5(f).

The judgment is reversed, the cause remanded for further proceedings not inconsistent herewith and subparagraph 5(f) of respondent's return is ordered reinstated. If, in further proceedings, it is shown the respondent Hickory County R–I School District does not now hold available funds sufficient to pay relator's award, respondent may be ordered to take all lawful actions to obtain such funds over such period of time as the court may direct and if necessary secure the extension of a sufficient levy within the constitutional limits to provide funds for the payment of the award.

All concur.

---

3. Mo.Const. Art. VI, § 26(a)—"No county, city, incorporated town or village, school district or other political corporation or subdivision of the state *shall become indebted* in an amount *exceeding* in any year the income and revenue provided for such year *plus any unencumbered balances from previous years, except as otherwise provided in this constitution.*" (Emphasis ours.)