Paul C. Wilson, Judge,
dissenting
Like rescuing a drowning man by throwing him an anvil, the per curiam opinion purports to grant “relief’ to Petitioner by ordering him to participate in the very thing he asked this Court to stop, i.e., his arbitration. On its way to this strange conclusion, the plurality opinion ignores:
(1) the trial court’s role as the finder of facts and its determination that Petitioner had an opportunity to discover the arbitration rules and chose not to do so, see Sep. Op. of Judge Stith, at p. 13;
(2) the constitutional separation of powers which gives the legislature — not this Court — the authority to decide which interlocutory appeals are permitted and which are not, see Sep. Op. of Judge Fischer, at p. 3; and
(3)this Court’s precedent, see, e.g., State ex rel. Hart v. City of St. Louis, 356 Mo. 820, 204 S.W.2d 234, 240 (1947) (“unless we can grant the relief sought, we can grant no relief’).
The plurality opinion cites no case in which this Court has micromanaged a trial court’s actions to this extent under the guise of an extraordinary writ, particularly one resulting in a writ that takes the petitioner precisely where he does not wish to go.
This is a misuse of the writ of mandamus. See State ex rel. Fielder v. Kirkwood, 345 Mo. 1089, 138 S.W.2d 1009, 1010 (1940) (“Mandamus will not issue to an inferior court ... to direct the entry of a particular judgment.”); State ex rel. McDermott Realty Co. v. McElhinney, 246 Mo. 44, 151 S.W. 457, 460 (1912) (it is “not the function of a writ of mandamus to direct the course of judicial action in a given cause”). Instead, the only proper purpose of a writ of mandamus is to enforce a clear, unequivocal, and specific right. State ex rel. Missouri Growth Ass’n v. State Tax Comm’n, 998 S.W.2d 786, 788 (Mo. banc 1999). Here, the “right” that the per curiam opinion purports to be enforcing is so “clear and unequivocal” that it takes four opinions and dozens of pages to locate it. And, one can only imagine the look on Petitioner’s face when he learns that this Court has “granted” his petition ... yet finds himself being compelled to arbitrate’anyway.
*830 For these reasons, and those expressed in Judge Fischer’s opinion, I would not issue a permanent writ and would deny the petition.